1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10   KIRANJEET BADYAL and DILAWAR        No. 2:11-cv-00349-MCE-GGH
     BADYAL,
11
              Plaintiffs,
12
         v.                             MEMORANDUM and ORDER
13
     BOSCH PACKAGING TECHNOLOGY,
14   INC.; SBM SCHOELLER-BLECKMAN
     MEDIZINTECHNIK; KUHLMAN
15   TECHNOLOGIES, INC.; and DOES 1
     through 50, inclusive,
16
              Defendants.
17

18                        ----oo0oo----

19        Through this personal injury action, Kiranjeet and Dilawar

20   Badyal ("Plaintiffs") seek redress in connection with the

21   explosion of an autoclave sterilizer allegedly designed,

22   manufactured, and sold by Robert Bosch Packaging Technology, Inc.

23   ("RBPT"); SBM Schoeller-Bleckman Medizintechnik ("SBM"); and

24   Kuhlman Technologies, Inc. ("Kuhlman").  Plaintiffs filed this

25   action in Yolo County Superior Court.  On February 7, 2011, RBPT

26   removed to this Court on the basis of diversity jurisdiction.

27   However, Defendant RBPT has not alleged sufficient facts to

28   establish complete diversity.

                                 1

It is fundamental that federal courts are courts of limited jurisdiction.  <u>Vacek v. United States Postal Serv.</u>, 447 F.3d 1141, 1145 (9th Cir. 2006).  Regardless of whether the issue is raised by the parties, a district court has a duty to consider the basis of subject matter jurisdiction sua sponte.  <u>United Investors Life Ins. v. Waddell & Reed Inc.</u>, 360 F.3d 960, 966-67 (9th Cir. 2004).  <u>See</u> <u>also</u> Fed. R. Civ. P. 12(h)(3).  There is a "strong presumption" against removal jurisdiction, and the defendant bears the burden of establishing that removal is proper.  <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).  As a result, defendants must affirmatively allege the basis of diversity jurisdiction in the notice of removal.  <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857-58 (9th Cir. 2001).

Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) requires complete diversity of citizenship between the parties opposed in interest.  <u>Kuntz v. Lamar Corp.</u>, 385 F.3d 1177, 1181 (9th Cir. 2004).  Individuals are citizens of their state of domicile.  <u>Munoz v. Small Business Administration</u>, 644 F.2d 1361, 1365 (9th Cir. 1981).  A corporation is a citizen of its state(s) of incorporation and its principal place of business.  28 U.S.C. § 1332(c)(1).  A party must affirmatively allege both a corporation's state of incorporation and principle place of business to establish diversity.  <u>Fifty Associates v. Prudential Ins. Co. of America</u>, 446 F.2d 1187, 1190 (9th Cir. 1970).

///

///

///

///

A defendant who is not properly joined and served in state court is not required to consent to removal under 28 U.S.C. § 1441, but is still relevant to determining diversity of citizenship. <u>Preseau v. Prudential Ins. Co. of America</u>, 591 F.2d 74, 78 (9th Cir. 1979).

In its Notice of Removal, RBPT properly alleges that it is a citizen of Minnesota, Kiranjeet Badyal is a citizen of California, and Kuhlman is a citizen of Washington. (Notice of Removal 1-2.) However, after noting that Plaintiffs' First Amended Complaint did not provide Dilawar Badyal's citizenship or residence, RBPT states only that "[p]resumably Dilawar is the husband of Kiranjeet and a citizen of California as well."[1] (<u>Id.</u> at 2 n.1.) Further, RBPT alleges only that SBM is a "company based in Austria." (<u>Id.</u> at 3.) Because RBPT has not affirmatively alleged the citizenship of Plaintiff Dilawar Badyal and Defendant SBM, it has not met its burden to establish subject matter jurisdiction. <u>See</u> <u>Kanter</u>, 265 F.3d at 857-58 (upholding remand where the notice of removal stated only that plaintiffs were "residents" of California). As a result, the case must be remanded to state court. <u>See</u> 28 U.S.C. § 1447(c).

///

---

[1] RBPT contends that regardless of Dilawar's citizenship, complete diversity exists because none of the parties properly joined and served as defendants are citizens of the state where the action was brought. (Notice of Removal 2 n.1.) This contention reflects an improper conflation of removal pursuant to 28 U.S.C. § 1441(a) and original jurisdiction pursuant to 28 U.S.C. § 1332(a). To remove a diversity action pursuant to § 1441, no defendant who has been properly joined and served can be a citizen of the forum state. Although this is a necessary condition for removal, it is not sufficient to establish jurisdiction. The district court must also have original jurisdiction over the action. <u>See</u> 28 U.S.C. § 1441(a).

1        Based on the foregoing, the case is hereby REMANDED to the

2   Superior Court of the State of California, County of Yolo,

3   pursuant to 28 U.S.C. § 1447(c).  The Clerk is ordered to close

4   the case.

5        IT IS SO ORDERED.

6   Dated: February 25, 2011

7

8                                   _____

9                                   MORRISON C. ENGLAND, JR.
                                    UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28