UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRANJEET BADYAL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BOSCH PACKAGING TECHNOLOGY, INC., et al., <br><br> Defendants. | No. 2:11-cv-00349-MCE-AC <br><br><br> **MEMORANDUM AND ORDER** |

On December 20, 2010, Plaintiffs Kiranjeet Badyal and Dilawar Badyal ("Plaintiffs" or the "Badyal Plaintiffs") filed a First Amended Complaint ("FAC") in the Superior Court of the State of California for the County of Yolo alleging negligence claims against Defendants Robert Bosch Packaging Technology ("RBPT"),[1] SBM Schoeller-Bleckmann Medizintechnik ("SBM"), Kuhlman Technologies, Inc. ("Kuhlman"), and Does 1 through 50. ECF No. 1-1 at 11. On February 7, 2011, Bosch removed this action to federal court pursuant to this Court's diversity jurisdiction. ECF No. 1. The Badyal Plaintiffs now

---

[1] Defendant RBPT was initially improperly sued as "Bosch Packaging Technology Inc." ("Bosch"). See ECF No. 1 at 1. Bosch is a sister company to RBPT. See id. at 2. Numerous filings on the docket of this case and on the docket of the related case (which has subsequently been consolidated with this action) refer to both entities, sometimes apparently interchangeably. The Court uses the names as used by the parties in their filings.

move for an Order Authorizing Alternative Service on SBM, an Austrian corporation. Mot., Jan. 22, 2014, ECF No. 41.  SBM timely opposed the Motion.  ECF No. 41.  For the following reasons, the Motion is GRANTED.[2]

## BACKGROUND[3]

The Badyals allege that on or about June 19, 2009, Kiranjeet Badyal was severely injured by flying glass and steam when a Bosch autoclave sterilizer exploded as she was walking to her workstation at Siemens Healthcare Diagnostics.  As a result of this explosion, Kiranjeet Badyal suffered severe burns to the right side of her face and upper body, a penetrating wound to her chest and upper abdomen, profuse loss of blood, loss of consciousness, and chronic pain, depression and anxiety.  Kiranjeet Badyal has not been able to return to work.  The Badyals allege claims for negligence, strict products liability, failure to warn, breach of warranty and loss of consortium.  See FAC, ECF No. 1-1.  On May 2, 2012, the Court ordered that non-expert discovery close by March 6, 2013, and set trial for January 6, 2014.  Pretrial Scheduling Order ("PTSO"), ECF No. 23.

On June 19, 2012, via a separate action, Plaintiffs Siemens Corporation, Siemens Healthcare Diagnostics, Inc., and Steadfast Insurance Company, as subrogee of Siemens Corporation and Siemens Healthcare Diagnostics, Inc. ("Siemens Plaintiffs"), brought an action for strict liability, implied warranty and negligence against Defendants Kuhlman, Bosch, Robert Bosch Packaging Technology, Inc. ("RBPT"), and SBM.  See Compl., Siemens Corp. v. Kuhlman Techs., Inc., 2:12-cv-01894-MCE-JFM ("Siemens Action"), ECF No. 1 at 10.  The claims in the Siemens Action also relate to the alleged failure of the autoclave.   On July 18, 2012, Defendants RBPT and Bosch also removed

---

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local R. 230(g).

[3] Unless otherwise indicated, the facts are taken, largely verbatim, from the Badyal Plaintiffs' Motion, ECF No. 41, and the parties' January 27, 2012 Joint Status Report, ECF No. 21.

that action to federal court. Id. at 1. On September 20, 2012, the Court granted the Siemens Plaintiffs' request for Letters Rogatory to permit service in Austria on SBM. ECF No. 22, 2:12-cv-01894-MCE-JFM. SBM answered the Siemens Plaintiffs' Complaint on June 6, 2013. ECF No. 33.

On August 15, 2012, Defendants Bosch and RBPT moved to consolidate this action with the Siemens Action for all purposes. ECF No. 26. No party opposed the motion, and on October 16, 2012, the Court consolidated the actions pursuant to Federal Rule of Civil Procedure 42(a).[4] Thereafter, on March 7, 2013, pursuant to the parties' stipulation, the Court vacated the January 6, 2014, trial date and all related dates and discovery deadlines, pending the appearance of the foreign Defendants SBM and Robert Bosch GmbH ("Bosch GmbH").[5] ECF No. 31; see ECF No. 25. The Court ordered that the parties file a Joint Status Report two weeks after the foreign defendants appeared in the case. Id. At that time, the parties indicated that the Badyal Plaintiffs were still in the process of serving the foreign defendants pursuant to requirements for international service of process, and expected that it will take an additional six months or more to complete the process. Id. To date, the Badyal Plaintiffs have not served foreign Defendants SBM, an Austrian corporation, or Bosch GmbH, a German corporation. On January 22, 2014, the Badyal Plaintiffs moved for an order authorizing alternative service on Defendant SBM. ECF No. 41. Defendant SBM timely opposed the Badyal Plaintiffs' motion. ECF No. 42.[6]

///

---

[4] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise stated.

[5] On August 2, 2012, the Badyal Plaintiffs filed an Amendment to Complaint in which they stated that "[h]aving discovered the . . . true name [of Doe 1] to be Robert Bosch GmbH . . . plaintiffs now amend the complaint [and] insert the true name . . . wherever [Doe 1] appears in the Complaint." ECF No. 25. The Court questions whether Defendant Bosch GmbH was properly added to this action as a Defendant as the Badyal Plaintiffs filed an "Amendment to Complaint" rather than a motion to amend under Rule 15. See id.

[6] The Siemens Plaintiffs did not support, oppose, or otherwise respond to the Badyal Plaintiffs' motion for an order authorizing alternative service on Defendant SBM.

**STANDARD**

Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individuals.  Under Rule 4(f)(3), service upon an individual defendant may be effected at a place not within any judicial district of the United States "by other means not prohibited by international agreement, as the court orders."  "Service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'  It is merely one means among several which enables service of process on an international defendant." Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1015 (9th Cir. 2002).  In fact, "court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)." Id.  "Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means" such as service of process by diplomatic channels and letters rogatory. Id.  A party "need not have attempted every permissible means of service of process before petitioning the court for alternative relief.  Instead, [a party] need[] only to demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention." Id. at 1016.

The task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3) is left to the sound discretion of the district court. Rio Properties, Inc., 284 F.3d at 1016; see Nuance Commc'ns, Inc. v. Abbyy Software House, 626 F.3d 1222, 1239 (Fed. Cir. 2010).  District courts have discretion to permit a variety of forms of service under this rule. Latinamerican Theatrical Grp., LLC v. Swen Int'l Holding, CV 13-1270 CAS RNBX, 2013 WL 3357650 at *1 (C.D. Cal. July 2, 2013).  Trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex and email. See Rio Properties, Inc., 284 F.3d at 1016.

///

However, "[e]ven if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process. To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Id. at 1016-17 (citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

## ANALYSIS

The Badyal Plaintiffs ask that the Court allow them to serve Austrian Defendant SBM with the Summons and Complaint by service upon SMB's appointed counsel in the United States. ECF No. 41. Their request is well taken.

According to the Badyal Plaintiffs, litigants in federal court typically effect service of process in Austria by utilizing letters rogatory, a process through which the Austrian government requires that documents be translated into German by an Austrian court-certified translator.[7] Id. at 6. According to the Badyal Plaintiffs, their counsel has attempted to serve SBM in Austria through APS International, Ltd. ("APS"), an international process server, but has been unable to do so. Id. at 4. APS estimates that Plaintiffs will have to spend more than $16,000 for the translations of the necessary documents and processing fees and that the service of process will take another six to twelve months. ECF No. 45 at 5. "[D]ue to the exorbitant costs of translation and service, the difficulty and delay the process presents, and inability to engage in joint discovery efforts with the Seimens Plaintiffs," the Badyal Plaintiffs argue that the facts and circumstances of the present case necessitate the district court's intervention. ECF No. 45 at 5.

///

---

[7] The Badyal Plaintiffs report that there is no international agreement between the United States and Austria regarding service of process. See ECF No. 41 at 5-6; see also ECF No. 42 at 2, 8.

SBM primarily objects to Plaintiff's motion on the grounds that the Badyal Plaintiffs purportedly failed to demonstrate that alternate service of process is warranted because any extra time and cost of serving the foreign defendants is attributable to Plaintiffs' own dilatory conduct. See Opp'n, ECF No. 4. Notably, SBM does not object to alternative service on the grounds that it would fail to satisfy constitutional notions of due process. See generally id.

District courts have authorized alternative service of process under Rule 4(f)(3) in cases where plaintiffs have shown that service by letters rogatory is "time-consuming, expensive, and burdensome." In re TFT-LCD (Flat Panel) Antitrust Litig., 270 F.R.D. 535, 537-38 (N.D. Cal. 2010) ("TracFone Wireless, Inc.") (authorizing service where it would cost plaintiff at least $6,215.00 for translating the complaint and the other documents and at least $3,720 for processing the letters rogatory). However, the fact that service of process by letters rogatory is expensive and time consuming is generally not sufficient to demonstrate that the facts and circumstances necessitate the district court's intervention. See, e.g., Fujitsu Ltd. v. Belkin Int'l, Inc., 782 F. Supp. 2d 868, 879-80 (N.D. Cal. 2011) (denying a plaintiff's request for alternative service despite concerns that effecting service of process through the letters rogatory process is expensive and time consuming).

Often concerns relating to coordinated discovery in consolidated actions or evasion of service justify a court's intervention under Rule 4(f)(3). For example, in TracFone Wireless, Inc. the district court found that "there [was] no reason to require service through letters rogatory . . . given the stage of the litigation in the [consolidated multidistrict litigation] and the significant discovery that is already underway in those proceedings." 270 F.R.D. at 537-38. The court also noted that the action was part of a coordinated action and that until the plaintiff was "able to serve [the international defendant], [the plaintiff would] not be able to coordinate and participate in discovery against [the international defendant] with the other plaintiffs." Id.

///

6

Keeping in mind that the Court "should not lose sight of what service of process is about," that is, "giving a party notice of the pendency of an action and the opportunity to respond," alternative service is appropriate under the circumstances presented in this consolidated action. Nanya Tech. Corp. v. Fujitsu Ltd., CIV 06-00025, 2007 WL 269087 at * 6 (D. Guam Jan. 26, 2007). The Badyal Plaintiffs' inability to affect service on SBM has considerably delayed this action and inhibited their ability to conduct coordinated discovery with the Siemens Plaintiffs, despite the fact that SBM has already answered the Siemens' Plaintiffs' Complaint. Requiring that the Badyal Plaintiffs spend approximately $16,000 to effect service over a period of six additional months on a party who has already appeared in the consolidated action on related claims is inefficient and impractical. In light of the availability of more efficient, speedier relief under Rule 4(f)(3), alternative service is appropriate here with respect to Defendant SBM. Rio Properties, Inc., 284 F.3d at 1015.[8]

Finally, "[e]ven if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process. To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Id. at 1016-17 (citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). SBM does not object to alternative service on the grounds that it would fail to satisfy constitutional notions of due process. See Opp'n, ECF No. 42. Given that SBM has already appeared in this action in response to the Siemens Plaintiffs' Complaint and SBM's counsel's familiarity with this

---

[8] SBM also argues that even if this Court grants Plaintiffs' motion for alternate service on SBM, there would be no time saved because Plaintiffs must nonetheless properly serve Bosch GmbH. With respect to SBM's objection, the Badyal Plaintiffs respond that, based on SBM's Rule 26 Initial Disclosures, they now believe that Bosch GmbH may be an unnecessary party. See Reply, ECF No. 45 at 7-8. Nevertheless, the Badyal Plaintiffs have not sought to dismiss Bosch GmbH from this action nor do they appear to have served Bosch GmbH in Germany through APS. The Badyal Plaintiffs have not requested alternative service with respect to Bosch GmbH, and Bosch GmbH does not appear to be a party to the Siemen' Complaint. See Siemens, 2:12-cv-01894-MCE-JFM, ECF No 1. On November 27, 2013, the Court, upon the unopposed Motion of the Badyal Plaintiffs, appointed and authorized APS, including its designated agents, to effect service of process on Bosch GmbH in Germany. ECF No. 39. A summons was issued as to that Defendant on December 3, 2013. ECF No. 40.

case,[9] there can be little question that the alternative service requested will be sufficient to give SBM notice and an opportunity to respond to the Badyals Plaintiffs' claims. See Nanya Tech. Corp., 2007 WL 269087 at 5; see also Latinamerican Theatrical Grp., 2013 WL 3357650 (noting that "a foreign defendant could be served pursuant to Rule 4(f)(3) by serving an attorney who was familiar with the defendant's legal positions and was in contact with the defendant regarding the case"); FMAC Loan Receivables v. Dagra, 228 F.R.D. 531, 534 (E.D. Va. 2005) (stating that numerous motions filed by defendant's attorney makes it "abundantly clear" defendant has been in constant communication with his attorney). Therefore, service upon SBM's counsel will apprise SBM of the pendency of the Badyal's action and give it a chance to respond, complying with constitutional notions of due process.

**CONCLUSION**

As set forth above, given the nature and status of this consolidated action, the Court finds that it is appropriate to order service on SBM through its appointed U.S. counsel. Therefore, pursuant to Federal Rule of Civil Procedure 4(f)(3), the Court permits the Badyal Plaintiffs to serve process on SBM through its counsel of record, Dommond E. Lonnie and/or Stephanie T. Yu, at Dykema Gossett, LLP, 333 S. Grand Avenue, Suite 2100, Los Angeles, California, 90071.

Within twenty (20) days of the date this order is electronically filed, the Badyal Plaintiffs are ordered to submit a status report regarding their efforts to effect service of process on German Defendant Robert Bosch GmbH and whether they intend to proceed with service on that Defendant. Within twenty (20) days of the appearance of SBM in this case as a Defendant to the Badyal Plaintiffs' action, all parties to this consolidated action are directed to submit a joint status report apprising the Court of status of this

---

[9] SBM's counsel, Dommond E. Lonnie of Dykema Gossett, LLP also represents Bosch and RBPT in this matter. Mr. Lonnie filed SBM's Answer to the Siemens Plaintiffs' Complaint. See ECF No. 33.

action. Upon receipt of the joint status report, if appropriate at that time, the Court will issue a new Pretrial Scheduling Order.

IT IS SO ORDERED.

Dated: May 13, 2014

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT