UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRANJEET BADYAL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BOSCH PACKAGING TECHNOLOGY, INC., et al.,<br><br>Defendants. | No. 2:11-cv-0349 MCE AC<br><br><br><u>ORDER</u> |

Plaintiffs bring this products liability case against Schoeller-Bleckmann Medizintechnik ("SBM"), and others. On June 19, 2009, a device designed by SBM – a "Bosch autoclave sterilizer" – exploded, injuring plaintiff Kiranjeet Badyal. Plaintiff moves to compel defendant's Fed. R. Civ. P. ("Rule") 30(b)(6) witness to answer a specific deposition question that plaintiff asserts the witness evaded, and was not prepared for, during the deposition

For the reasons set forth below, the motion will be denied. Plaintiff is seeking non-expert discovery long after the discovery cutoff date of May 21, 2015.

I. BACKGROUND

On November 18, 2014, the district judge presiding over this case issued the Pretrial Scheduling Order ("PTO"), stating:

> All discovery, with the exception of expert discovery, shall be *completed by May 21, 2015*. In this context, "completed" means

1

> that all discovery shall have been conducted so that all depositions have been taken and *any disputes relative to discovery shall have been resolved* by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this Court.

ECF No. 58 ¶ IV (emphases added).

## II.  THE DISCOVERY DISPUTE

On March 10 and 11, 2015, plaintiff took the Rule 30(b)(6) deposition of Alfred Kaliwoda, General Manager of SBM, whom SBM had designated to testify for SBM. According to plaintiffs, Kaliwoda was not prepared to answer a question that was critical to plaintiff's case – even though it was well within the area disclosed as being the subject matter of the deposition – and later amended his answer to give an evasive response. The question sought to find out what SBM knew about an October 2008 design change that, according to plaintiffs, was supposed to prevent screws from coming loose from the device. According to plaintiffs, the design change was implemented in July 2009, after the explosion.

With the discovery deadline looming, plaintiffs did not move to compel those answers. Instead, "[b]efore resorting to a motion to compel an additional deposition, Plaintiffs sought to obtain the missing information through the use of interrogatories."  ECF No. 69 at 11. Plaintiffs then skirmished with SBM all the way up until May 21, 2015, which they acknowledge is "the day of the Court's discovery deadline."  Id.  They did this even though they knew – again, according to plaintiffs – that (1) SBM had already raised a meritless objection to the critical deposition questions (ECF No. 69 at 5), (2) SBM had dragged its feet for "seventeen months" before producing its first round of documents in response to plaintiff's initial document request (id. at 9), (3) SBM "continued to delay in its production of responsive documents even after Magistrate Allison Claire signed a protective order on September 22, 2014" (id. at 10), (4) defense counsel did not even respond to discovery letters (id. at 10), (5) that defendants' discovery responses had only "trickle[d] in," and (6) defendants refused plaintiff's request for a stipulation on the follow-up interrogatories (id. at 11).

In other words, even accepting plaintiff's version of the facts, they already knew that

2

1  SBM was not going to cooperate, because it had never cooperated.  Yet, rather than move in a
2  timely fashion to compel the discovery – which they say is critical to their case – they engaged in
3  a back-and-forth with SBM, "to no avail."  It is commendable of plaintiffs to try to keep this
4  dispute out of court.  However, when their attempts to resolve the matter out of court failed,
5  plaintiffs were free to bring a timely motion to compel.  Plaintiffs brought this motion to compel
6  on May 21, 2015, the discovery cut-off date.

III.  THE MOTION TO COMPEL

A.  Meet and Confer

Plaintiffs say they met and conferred by telephone with SBM on May 21, 2015, the day they filed the motion to compel.  SBM says the telephone call did not involve any proposed motion to compel, but rather a dispute over interrogatories.

It is fair to say that plaintiff and SBM met and conferred, as required by E.D. Cal. R. 251.  Even if plaintiffs did not explicitly say that they were conferring to avoid a motion to compel a deposition answer, it appears that plaintiffs were conferring in an attempt to get the answer to one particular question, which, not having gotten the answer in the deposition, they tried to get by interrogatories.  Whether the subsequent motion was to compel the answer to the interrogatory or to the deposition question, plaintiffs did attempt to resolve the dispute out of court.

B.  The Motion

On May 21, 2015, the day discovery closed, plaintiffs noticed a motion to compel an answer to the deposition question, scheduling it to be heard – by the district judge – on June 25, 2015, over a month after the close of discovery.  ECF No. 59.  The motion contained no mention of its lateness, or of the fact that it sought discovery to be produced well after the close of discovery.  It did not seek to extend the discovery cutoff date or to otherwise modify the PTO.  Nor was any companion motion filed asking the district judge for an extension or modification.

On June 1, 2015, the district judge, by Minute Order, vacated the motion, ECF No. 60, and on June 2, 2015, plaintiffs filed an amended motion to compel, scheduling the hearing for June 24, 2015, before the undersigned.  ECF No. 61.  On June 16, 2015, plaintiffs filed a second amended motion to compel, re-scheduling the hearing for August 12, 2015.  On August 3, 2015,

3

1  plaintiffs filed a third amended motion to compel, scheduling the hearing for August 26, 2015 –
2  over three months after the discovery cutoff.  None of the notices of motions or amendments
3  mentioned their lateness, or indicated that plaintiffs would be asking the district judge to extend
4  the discovery deadline or to otherwise modify the PTO.
5       On August 18, 2015, plaintiffs and SBM filed their Joint Statement.  ECF No. 69.
6  Plaintiffs set forth their position that they moved diligently to get the answer to the deposition
7  questions.  They explain at great length how SBM delayed, ignored them, "trickle[d]" documents
8  in, and generally dragged its feet, while plaintiffs tried to get these critical questions answered.
9  For the first time, almost three months after discovery had closed, plaintiffs asked to modify the
10 PTO so as to extend the discovery cut-off deadline.

11       1. Timeliness of the motion

12       To their credit, plaintiffs do not claim that they filed the motion to compel in time.  They
13 did not.  The motion to compel calls for a discovery hearing after the discovery deadline.  And of
14 course, this means that the deposition itself would occur, if the motion were granted, after the
15 discovery cutoff.  This is plainly out of time.

16       2. Modification of the pretrial order

17       Plaintiffs concede that granting their motion to compel "necessitates extending the fact
18 discovery deadline established in the Court's November 18, 2014, Pretrial Scheduling Order."
19 Joint Statement ¶ V(B) at 8.  The PTO, in turn, can only be extended (or otherwise modified) "for
20 good cause and with the judge's consent."  Rule 16(b)(4); PTO ¶ XIII ("the Pretrial Scheduling
21 Order shall not be modified except by leave of court upon a showing of good cause").  Plaintiffs
22 argue that they have shown "good cause" for such an extension.  ECF No. 69 at 8-12.  However,
23 the undersigned has no authority to grant such an extension.
24      The district judge assigned to this case issued the pretrial scheduling order.  See ECF
25 No. 58.  Accordingly, the "judge" or "court" referred to in Rule 16(b)(4) and the PTO, whose
26 leave plaintiffs must seek to modify the PTO, is the district judge who issued the PTO, not the
27 undersigned magistrate judge to whom discovery disputes are referred.  Accordingly, in the
28 absence of any delegation of this authority from the district judge, which has not happened in this

case, the undersigned has no authority to grant plaintiffs' motion. As the district judge assigned to this case explained in similar circumstances:

> The Magistrate Judge rejected the Motion solely on grounds that he lacked jurisdiction over any discovery dispute once the discovery deadline set forth in this Court's Pretrial Scheduling Order had passed. The Magistrate Judge made no ruling with respect to the merits of the instant dispute. The present discovery motion was properly refiled here because it pertains to additional discovery obligations that extend beyond the close of ordinary discovery, and accordingly must be brought before the District Judge.

See Patriot Rail Corp. v. Sierra R. Co., 2012 WL 3028013 at *1 n.1, 2012 U.S. Dist. LEXIS 102982 at [4] n.1 (E.D. Cal. 2012) (England, J.).

### III.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT plaintiffs' Motion To Compel (ECF No. 62) is DENIED.

DATED: August 27, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE